```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


MYCHEL PUSHA,
also known as
MICHAEL D. PUSHA,
                              Plaintiff,

          v.                               CASE NO. 12-3253-SAC

GREGORY L. WALLER, et al.,

                              Defendants.
```

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Sedgwick County Jail, Wichita, Kansas, proceeds pro se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis*

The court has examined the financial statement submitted in support of the motion to proceed in forma pauperis and finds the plaintiff lacks the resources to pay an initial partial filing fee. Accordingly, the court grants the motion and does not impose an initial partial filing fee.[1] *See* §1915(b)(4)("In no event shall a prisoner be prohibited from bringing a civil action…for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.")

---

[1] Plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of this prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

*Screening*

The complaint names as defendants three Sedgwick County district court judges, a public defender, and an assistant district attorney. Plaintiff states he was arrested in Virginia in October 2011 on a fugitive warrant and charged with theft. He states all charges were dismissed at trial and his immediate relief was ordered. However, he states that because the Kansas fugitive warrant remains in the National Crime Information Center (NCIC) index, he now is unlawfully incarcerated. He asserts denials of due process, double jeopardy, cruel and unusual treatment, ineffective assistance of counsel, and mental anguish, and he seeks monetary relief.

A federal court must conduct a preliminary screening of a case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915(a). At this stage, the court must identify any cognizable claim and must dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Having reviewed the complaint, the court finds this matter is subject to dismissal.

First, the judicial officers named as defendants are immune from monetary damages. "Judges have absolute immunity from suits for monetary damages for their judicial acts, including sentencing." *Calvert v. Safranek*, 209 F.App'x 816, 820 (10th Cir. 2006)(unpublished order)(citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

Likewise, the assistant district attorney is protected by immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in

the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Finally, the defendant public defender is not a state actor under § 1983, and therefore is not a proper party. *Polk County v. Dodson*, 454 U.S. 312, 381 (1981)(holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Thus, no claim for relief is stated against this defendant.

To the extent plaintiff may seek release from his present custody, he must pursue relief in the state courts before he may bring a federal writ of habeas corpus, the sole federal remedy for one challenging the validity of his incarceration. *See Preiser v. Rodriguez*, 411 U.S. 475, 502 (1973).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to the absolute immunity of the judges and prosecutor named as defendants and because no claim for relief is stated against the defendant public defender.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue until plaintiff satisfies the $350.00 filing fee.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED:  This 23rd day of January, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge